UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JODY LYNN F.,[1]

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 4:24-cv-00495-DCN-DKG

**MEMORANDUM DECISION
AND ORDER**

## I. INTRODUCTION

On September 8, 2021, Plaintiff Jody F. ("Plaintiff") filed applications for a period of disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The applications alleged disability beginning January 1, 2019. The applications were denied on initial review and on reconsideration. On October 2, 2023, a hearing was held before an Administrative Law Judge ("ALJ").

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on November 14, 2023, finding Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action for judicial review of the ALJ's decision. Dkt. 1.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

MEMORANDUM DECISION AND ORDER - 1

On November 11, 2025, United States Magistrate Judge Debora K. Grasham[2] issued a Report and Recommendation ("Report") recommending that: (1) the decision of the Commissioner be affirmed; and (2) Judgment be entered in favor of the Commissioner. Dkt. 21, at 10. Pursuant to statute, Judge Grasham gave the parties fourteen days to file written objections to the Report. *Id.* (citing 8 U.S.C. § 636(b)(1) and District of Idaho Local Civil Rule 72.1(b)).

Plaintiff filed an Objection to the Report (Dkt. 22) and the Commissioner filed a Response to Plaintiff's Objection (Dkt. 26) at the Court's request (Dkt. 23). The matter is now ripe for the Court's review. For the reasons set forth below, Plaintiff's objection is overruled, Judge Grasham's Report is adopted in full, and the Commissioner's decision is affirmed.

## II. LEGAL STANDARD

In the context of social security appeals, a court's role in reviewing an ALJ's final decision is to ensure that it is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (The final decision "to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error."). Judge Grasham's Report articulates the appropriate standard of judicial review for such cases, as well as the process for the determination of whether an individual is disabled. Dkt. 21, at 3.

---

[2] In accordance with District of Idaho General Order 359 and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Judge Grasham on October 10, 2024. Dkt. 7.

MEMORANDUM DECISION AND ORDER - 2

Disability claims are evaluated under a five-step sequential procedure. *See* 20 C.F.R. § 404.1520(a)(1); *Tackett v. Apfel,* 180 F.3d 1094, 1098–99 (9th Cir.1999). Those steps are traditional summarized as follows: (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work.

Relevant today is step five. As part of that step, the ALJ considers the claimant's residual functional capacity ("RFC") assessment to determine whether the claimant can adjust to other work. If the claimant cannot do any other work, the claimant is disabled. But "[i]f the claimant is able to do other work, then the Commissioner must establish there are a significant number of jobs in the national economy that the claimant can do." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (citation modified). If the Commissioner cannot establish there are a significant number of jobs in the national economy that the claimant can do, then the claimant is disabled and is therefore entitled to disability benefits. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, a party objects to the Report, the Court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.*

### III. DISCUSSION

Plaintiff contends Judge Grasham erred in a single respect: her conclusion that the

MEMORANDUM DECISION AND ORDER - 3

ALJ's finding at step five was supported by substantial evidence. Dkt. 22. Notably, this was the sole basis for Plaintiff's suit in the first place.

At step five, the Commissioner must prove that a person with the claimant's limitations, age, education, and experience can perform occupations that exist in significant numbers in the national economy. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1191 (9th Cir. 2022); 20 C.F.R. §§ 404.1512(b)(3), 404.1560(c)(1), 416.912(b)(3), 416.960(c)(1). In making this determination, the ALJ relies on the Dictionary of Occupational Titles ("DOT") and may also rely on the testimony of a vocational expert ("VE"). *Zavalin v. Colvin*, 778 F.3d 842, 845–46 (9th Cir. 2015).

In this case, the ALJ concluded Plaintiff could perform a variety of jobs–including that of an office clerk, photocopy machine operator, and mail clerk. In doing so, the ALJ relied on the DOT and testimony from a VE. Plaintiff's challenge before Judge Grasham— and her objection now—is that the AJL failed to reconcile conflicts between the VE's testimony and the DOT regarding two of these three positions. Judge Grasham determined that, while there were some discrepancies in the testimony of the VE as applied to the mail clerk and photocopy operator jobs, ultimately there was sufficient evidence to support the ALJ's conclusion that the office clerk job existed in significant numbers that Plaintiff could obtain work in the national economy and was not entitled to disability benefits. Dkt. 21, at 7–10.

Plaintiff now contends Judge Grasham erred, reiterating it is undisputed the evidence related to two of the three jobs was unreliable and it is, therefore, likely the VE's

testimony on the remaining job was unreliable and calls into question the ALJ's holding.[3]

The Ninth Circuit has long recognized that an ALJ's failure to identify a conflict between the DOT and a VE's testimony is ultimately harmless where the ALJ identified other jobs that the claimant could perform. *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2007); *see also Matthew C. v. Comm'r of Soc. Sec.*, 2025 WL 865720, at *2 (S.D. Cal. Mar. 20, 2025) (collecting cases).

Judge Grasham correctly found that any error concerning the data underlying two of the three jobs was harmless because the ALJ found the information on the third job was reliable and relevant. Dkt. 21, at 6.

Additionally, even if the VE's testimony was unreliable or conflicting as to two of the three jobs, such does not automatically mean any testimony as to the third job was unreliable. Critically, Plaintiff does not actually challenge her ability to perform work as an office clerk or the total number of available jobs for that occupation in the national economy. She simply contends the purported lack of evidence for the other jobs must be imputed to this job. Plaintiff is incorrect. Absent an actual indication of error—or contrary evidence—the Court finds the ALJ's decision to rely on the VE as to information about the office clerk job was not erroneous (even considering any discrepancies as to the other two

---

[3] There is some nuance here. Plaintiff's original basis for appeal was the ALJ's erroneous conclusion she could perform work and that such work existed. Now, Plaintiff has drilled down another level to attack the underlying credibility of the VE's testimony. Defendant alleges this is improper because Plaintiff did not raise this issue in her opening brief. Dkt. 25-1, at 2 (*citing Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) for the proposition that, "[t]he usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited"). The Court understands Defendant's argument and agrees there has been a slight twist in Plaintiff's approach. That said, the underlying objection remains the same: the AJL's decision at step five was not supported by reliable evidence. The Court will, therefore, consider the objection even though it turns on slightly different grounds than Plaintiff's original appeal.

jobs).[4] Accordingly, Judge Grasham's holding was not erroneous and Plaintiff's objection must be overruled.

### IV. CONCLUSION

Having reviewed the Report and Plaintiff's objection, the Court OVERRULES the objection, adopts Judge Grasham's Report in its entirety, and enters the following order consistent with the same.

### V. ORDER

1. The Report and Recommendation entered on November 21, 2025 (Dkt. 21), is INCORPORATED and ADOPTED in its entirety.

2. The Commissioner's decision is AFFIRMED.

3. Plaintiffs' Petition for Review (Dk. 1) is DENIED and this case is CLOSED.

4. The Court will enter a separate judgment pursuant to Civil Rule of Procedure 58 and 42 U.S.C. § 405(g).

DATED: July 22, 2026

David C. Nye
U.S. District Court Judge

---

[4] As Judge Grasham noted, the VE's testimony was consistent with the DOT and based upon the VE's education and experience. Dkt. 21, at 10. And as outlined, Plaintiff did not challenge—at the ALJ hearing, before Judge Grashm, or now—the number of available jobs outlined or her ability to perform that work.